IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE LUIS LUGO-PAGÁN,<br><br>Defendant. | Criminal No. 98-273 (PG) |

**UNITED STATES OF AMERICA'S**
**OPPOSITION TO DEFENDANT'S MOTION TO CLARIFY JUDGMENT**

**TO THE HONORABLE COURT:**

Comes now the United States of America, by and through the undersigned counsel, and very respectfully submits this Response in Opposition to defendant Jorge Luis Lugo-Pagán's motion to clarify judgment filed on March 1, 2005.

**FACTUAL BACKGROUND**

1. On March 10, 1999, a two count Superseding Indictment was returned against defendant Jorge Luis Lugo-Pagán (hereinafter "defendant") and three co-defendants. See Docket No. 36.

2. On November 4, 1999, the defendant was sentenced by the Commonwealth of Puerto Rico's Court of First Instance, Bayamón Part, for second degree murder and for multiple violations of the weapon's law.

3. On March 8, 2002, the defendant was sentenced in the United States District Court for the District of Puerto Rico to a term of imprisonment of sixty (60) months, with a term of supervised release of three (3) years as to each count to be served concurrent with each other. See Docket No. 175.

**U.S.A.'s Opposition to Defendant's Motion to clarify judgment**
U.S. v. Jorge Luis Lugo-Pagán
Criminal No. 98-273 (PG)
Page 2

    4.    On June 28, 2002, the defendant filed a *pro-se* motion titled "Motion *pro-se* seeking a reconsideration from this Honorable Court to allow the federal sentence of the above defendant concurrent with the state sentence of the defendant." See Docket No. 192. As part of this motion, the defendant acknowledged that his counsel had requested during the sentencing hearing that defendant's federal sentence be concurrent with his state sentence. Defendant further acknowledged that this Honorable Court had denied the request. See Exhibit 1, at page 1.

    5.    On January 30, 2003, this Honorable Court issued an endorsed order noting defendant's motion for reconsideration.

    6.    On March 1, 2005, the defendant filed a pleading titled "Motion to clarify judgment." See Docket No. 213. In this motion, the defendant requested that this Honorable Court clarify the judgment imposed in this case, so that it reflect that his federal sentence was to run concurrent with his state sentence.

    7.    The United States has reviewed defendant's motion to clarify judgment and opposes defendant's request, based on the application of Title 18, United States Code, Section 3584 to the facts of this case.

**LEGAL ARGUMENT**

    8.    Title 18, United States Code, Section 3584 states that:

> [i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run

U.S.A.'s Opposition to Defendant's Motion to clarify judgment
U.S. v. Jorge Luis Lugo-Pagán
Criminal No. 98-273 (PG)
Page 3

consecutively. **Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.** (Emphasis supplied).

9. In the case at hand, this Honorable Court did not state in the judgment that the federal sentence was to run concurrent with the state sentence previously imposed on the defendant. Adding that the federal sentence and the state sentence were imposed at different times, the applicable federal law mandates that the terms of defendant's two convictions are to run consecutively, pursuant to the last sentence of Title 18, United States Code, Section 3584.

10. Defendant's request that the sentences be imposed concurrently was already denied by this Honorable Court. Such request should be denied again, since this Honorable Court did not order the sentences to run concurrently, as required by Title 18, United States Code, Section 3584.

**WHEREFORE**, it is very respectfully requested that this Honorable Court grant this opposition, and deny defendant's motion to clarify judgment.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 11th day of March, 2005.

                **H.S. GARCIA**
                United States Attorney

                s/ Francisco A. Ojeda-Diez
                **FRANCISCO A. OJEDA-DIEZ**
                U.S.D.C.-PR No. 211108
                Attorney for Plaintiff
                United States Attorney's Office
                Torre Chardón, Suite 1201
                350 Carlos Chardón Ave.
                Hato Rey, PR 00918
                Tel: (787) 766-5656
                Fax: (787) 771-4050
                E-mail: francisco.ojeda@usdoj.gov

U.S.A.'s Opposition to Defendant's Motion to clarify judgment
U.S. v. Jorge Luis Lugo-Pagán
Criminal No. 98-273 (PG)
Page 4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Marlene Aponte-Cabrera, Esq.

In San Juan, Puerto Rico, this 11th day of March, 2005.

s/ Francisco A. Ojeda-Diez
**FRANCISCO A. OJEDA-DIEZ**
**Assistant United States Attorney**